T. SCOTT THACHER, as Executor, etc., Respondent, v. HOPE
CEMETERY ASSOCIATION, Appellant.

Defendant, a cemetery association, borrowed moneys of various persons,
issuing to them certificates, by which, after certifying that the persons
named, each had, at the date thereof, loaned to it the sums stated, it
agreed that one-half of the proceeds of sales of lots in its cemetery should
be applied to the payment of the sum loaned, and interest. With the
moneys so borrowed it purchased land, laid it out into lots and improved
it as a cemetery. In an action upon one of the certificates it appeared
and was found that defendant received from the sales of lots a sufficient
sum, applicable by the terms of the certificate to its payment, more than
ten years before the commencement of the action. *Held*, that the action
was barred by the Statute of Limitations, and this, although the court
found that neither S., plaintiff's testator, to whom the certificate was
issued, nor plaintiff had knowledge more than six years before the action
was commenced of the facts as to the receipt of money applicable to the
payment of the loan; that by the terms of the certificates defendant did
not become a trustee for the holders, and no trust was created of any
kind; but assuming they did not create a general obligation to pay the
sums borrowed, as to which *quære*, but only created an obligation to
pay the loan out of moneys received from the sale of lots, such moneys
did not in any sense belong to the holders of the certificates, but belonged
to it, and when it failed to apply the proceeds as stipulated it became
liable to an action at law for breach of its contract obligations, and
such an action was barred by the statutes after six years.

*It seems* that if, from facts peculiar to the case, an equitable action could
have been commenced, it was necessary to commence it within ten years
from the time the cause of action accrued.

The act under which defendant was organized (Chap. 133, Laws of 1847,
as amended by § 4, chap. 163, Laws of 1860), provides that nothing
therein contained "shall be construed to create a lien upon lots belonging
to individual proprietors, * * * nor any other or greater liability
against the association or trustees issuing said certificates than may be
necessary to enforce the faithful application of the proceeds of sales in
the redemption thereof." *Held*, that assuming the certificates were
issued in accordance with said act, and that defendant was only obli-
gated to apply moneys received from sales, when it did receive sufficient
from that source applicable to the payment to pay all of the certificates,
a cause of action accrued which was barred by the statute, whether
plaintiff's remedy was legal or equitable.

(Argued April 28, 1891; decided June 2, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 25, 1890, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to compel defendant to account for and apply sufficient of the moneys received by it as one-half the proceeds of the sales of its cemetery lots, to redeem and discharge a certificate issued by it to plaintiff's testator.

A copy of said certificate and the facts, so far as material, are set forth in the opinion.

*James H. Stevens* for appellant. The action was barred by the Statute of Limitations. (Code Civ. Pro. § 381.) The cause of action accrued every six months after the receipts by the defendant of the moneys from the sales of lots according to and by force of the contract. (*Mills* v. *Mills,* 23 N. Y. S. R. 606; 7 Johns. Ch. 90; 103 N. Y. 672; *Garvey* v. *N. Y. L. & P. Co.,* 27 N. Y. S. R. 389.) There is no express technical trust. (Laws of 1852, chap. 280, § 3.)

*A. S. Kendall* for respondent. The claim is not barred by the Statute of Limitations. (*Kane* v. *Bloodgood,* 7 Johns. Ch. 90; *Lammar* v. *Stoddard,* 103 N. Y. 672; *McArthur* v. *Gordon,* 51 Hun, 511; *Spaulding* v. *Arnold,* 24 N. Y. S. R. 879; *Thacher* v. *H. C. Assn.,* 46 Hun, 594; Code Civ. Pro. § 410.) The form of the demand for judgment in the complaint does not preclude the plaintiff from having the equitable relief to which alone he is entitled in this action. (*Hale* v. *O. N. Bank,* 49 N. Y. 626.) The witness Andy L. Smith was interested in the event of this action, and, therefore, incompetent to testify to a personal transaction between the witness and deceased. (Code Civ. Pro. § 829; *Barton* v. *Scrawling,* 31 Hun, 467; 1 Greenl. on Ev. § 394.) The defendant has no defense of *ultra vires* to the claim in this action. (Morawetz on Corp. [2d ed.] §§ 655, 686, 689, 693, 716; *W. A. Co.* v. *Barlow,* 63 N. Y. 62; *Strain* v. *Edson,* 112 id. 214,

215; *R. L. R. Co.* v. *Roach,* 97 id. 378; *Mayor, etc.,* v. *Sonneborn,* 113 id. 423; *Woodruff* v. *E. R. Co.,* 93 id. 609, 618, 619; *Ketchum* v. *City of Buffalo,* 14 id. 356.)

EARL, J.  Otis Thacher died on the 14th day of March, 1868, leaving a will appointing the plaintiff executor thereof. The will was admitted to probate on the sixth day of May thereafter, and letters testamentary thereon were then issued to the plaintiff.  Many years afterward, on the 5th day of October, 1883, he brought this action to enforce the payment of the money mentioned in a certificate issued by the defendant, of which the following is a copy:

"HOPE CEMETERY ASSOCIATION.

"No. 25.

"We certify that Otis Thacher has this day loaned to the Hope Cemetery Association Three Hundred Dollars.  It is agreed upon the part of the said Association that one-half of the receipts from the sale of lots shall be applied exclusively to the payment of the sum of Twenty-Five Hundred Dollars loaned to the Association by divers persons, of which the said sum of $300 forms a part, and for the payment of the interest thereon, said interest to be payable annually, and the receipts to be so applied shall be distributed on the 1st day of July and the 1st day of January in each year, until said sum shall be fully paid.

"*August* 1, 1864.              A. L. SMITH, *President.*

"M. ADSIT, *Treasurer.*"

Early in August, 1864, by this certificate and other certificates issued to other persons, the defendant borrowed about the sum of $2,200, and out of the money so borrowed it paid for land purchased of Otis Thacher the sum of $1,527.75, and the balance of the money it used for improving its cemetery, and for its other general purposes.  The land so purchased was divided into cemetery lots to be sold, and it was the one-half of the receipts of the sales of such lots which were to be applied on the certificates.  The court at Special Term found that the proceeds " of sales of lands conveyed by the defend-

ant in lots, sufficient to pay the certificate in question, and applicable to the payment thereof, were received by the defendant more than ten years prior to the commencement of this action." Upon that finding the defendant claims that the plaintiff's cause of action upon the certificate was, at the time of the commencement of this action, barred by the Statute of Limitations. The court further found "that the plaintiff did not, nor did his testator have actual knowledge for more than ten years before the commencement of this action of the facts in regard to the receipt of money from the sale of lots by the defendant out of which receipts the plaintiff's right of action here depends; nor did either of them have such knowledge more than six years before the commencement of this action;" and upon that finding it based its conclusion that the cause of action was not barred by the statute.

From the opinion of the court below, and from the argument of the counsel for the plaintiff, it appears that the court reached the conclusion that the cause of action was not barred by the statute because it held that by the terms of the certificate the defendant became a trustee of the moneys received from the sale of lots for the benefit of the plaintiff and other holders of certificates and that, therefore, the cause of action did not accrue until the plaintiff demanded " or ought to have demanded an accounting and application of his distributive share, or the defendant in some way denied the plaintiff's right, so that its holding of the money became adverse."

It appears to be conceded that this recovery cannot be upheld against the defense of the Statute of Limitations, except by holding that the defendant, in some way, became the trustee of the plaintiff and other holders of certificates, and that the statute could not be set running until, in some way, it repudiated, or refused upon demand, to perform the trust.

If we consider this certificate without reference to the statutes governing the defendant, we think it impossible to read it as creating a trust of any kind. It is not entirely clear that it does not create a general obligation against the defendant to pay the $300, borrowed. But we will assume that it did not,

and that the only obligation of the defendant was to pay the $300 and interest at the times mentioned out of moneys received from the sales of lots. The real estate belonged absolutely to it, and the moneys received from the sales of lots also belonged to it. They did not in any sense, legally or equitably, become the moneys of the holders of the certificates. If after the moneys were received they had been absolutely lost without the fault of the defendant, the loss would have fallen upon it and not upon the holders of the certificates. It cannot well be claimed that if the defendant had been an individual and had received this money and refused to apply it, he would have been liable to arrest under section 549 of the Code of Civil Procedure, on the ground that he had received the money in a fiduciary capacity and had embezzled or misapplied it. Nor would he have been guilty of grand larceny under section 541 of the Penal Code for receiving money as a trustee and withholding or misappropriating the same. The sole obligation assumed by the defendant by the execution of the certificates was to apply the moneys received from the sales of lots as therein specified, and when it failed to so apply them it became liable to an action for a breach of its contract obligation. It was obliged to apply the money so received semi-annually, and the instrument must be treated as to its legal effect as if it had been payable in semi-annual installments ; and for default in the payment of any installment an action could at once have been brought to recover the amount due for such installment ; and when all the installments became due, as they did more than ten years before the commencement of this action, then the entire amount specified in the certificate was due, and an action could then have been brought against the defendant to recover the whole amount thereof ; and an ordinary action at law is the proper remedy in such a case. (*Mills* v. *Mills*, 115 N. Y. 80.)

But even, if from facts peculiar to the case, an equitable action could have been commenced, then, as against the Statute of Limitations, it was necessary to commence it within ten years from the time the cause of action accrued.

If this had been an agreement to take the plaintiff's money and hold and apply it as expressed in the certificate, or the money of some other person, the relation of a trustee might have been created. But here the agreement was to apply the defendant's own money to the payment of its own debt, and we know of no principle of law which will allow us to hold that in such a case a trust has been created. One may agree to set apart and hold one-half of his income and pay it to his creditor; or he may agree to set apart and hold one-half of the proceeds of the sale of specified real or personal property for the payment of his debts; and yet in such cases he would only create a general personal obligation to perform his agreement, and for a breach of it a recovery could be had as for a breach of any other contract; and even if an equitable action could in some way be commenced to reach the money in the hands of the promisor, it would be needful to prove that the money was in his hands and that the action had been commenced within ten years after a right to bring it had accrued.

We have thus far considered this certificate without reference to the statutes governing the defendant. It was organized under the act, chapter 133 of the Laws of 1847, and acts amendatory thereof. (Chap. 80, Laws of 1852; chap. 122, Laws of 1853; chap. 163, Laws of 1860.) It is claimed on behalf of the defendant that this certificate was not issued in pursuance of or in conformity with those acts, and hence that it is in no way governed by them. Without particularly referring to their provisions, we will assume, as contended by the plaintiff, that, with the exception that the certificate was unsealed, it was issued in accordance with those acts, and that, therefore, it is one of the certificates provided for in the acts. Section 4 of the act of 1860 provides as follows: "Nothing in this act contained shall be construed to create a lien upon lots or plats belonging to individual proprietors within the cemetery limits, nor any other or greater liability against the association or trustees issuing said certificates than may be necessary to enforce the faithful application of

the proceeds of sales in the redemption thereof in the manner aforesaid."

The effect of this section is that, by issuing these certificates to be paid out of moneys received from the sales of lots, no lien was created upon the cemetery lots owned by individuals, and that no other or greater liability was incurred by the defendant or its trustees in issuing the certificates than was necessary "to enforce the faithful application of the proceeds of sales in the redemption" of the certificates. To understand the force of this section it is necessary to ascertain the obligation assumed by the defendant by the terms of the certificate under the statute. That was not a general obligation to pay the certificate, but to pay it only out of the proceeds of the moneys received from the sales of lots. If it never received any money from the sales of lots it could not be compelled to pay any upon the certificates. If it did not receive money enough from that source to pay all the certificates it could be required only to apply such money as it received. If it received money enough to pay them all, then it was required to apply it in paying all. And for a failure to so apply it, by what form of action could payment be enforced? It would be sufficient to commence an action, as we have above stated, for a breach of its obligation, and thus a recovery from it could be had for the money which it ought to have applied. It cannot be said that an action in equity was absolutely necessary. There might be circumstances and complications which would render such an action necessary; but ordinarily an action at law would be sufficient, in which the holder of a certificate could recover by showing that the defendant had received money which it ought to, but had not, applied. But even if an equitable action was necessary against the defendant, the right to that action certainly accrued, as to the whole amount due upon the certificates, when sufficient money had been received from the sales of lots to pay the whole according to the terms of the certificates, and that was more than ten years before the commencement of this action.

Therefore, taking any view of this case justified by the law

and the facts, whether the remedy of the plaintiff be legal or equitable, his cause of action was barred and his complaint should have been dismissed.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.