T. SCOTT THACHER, as Executor, etc., of OTIS THACHER, Deceased, Appellant, *v.* HOPE CEMETERY ASSOCIATION, Respondent.

*Agreement by a cemetery association to apply the proceeds of sales of its lots to the payment of a loan.*

A contract entered into between a cemetery association and a person loaning such association the sum of $300 provided : "It is agreed, upon the part of the said association, that one-half of the receipts from the sale of lots shall be applied exclusively to the payment of the sum of $2,500, loaned to said association by divers persons, of which the said sum of $300 forms a part, and for the payment of the interest thereon."

The amount which such association succeeded in raising by loan was $2,200, and not $2,500.

*Held,* that the person loaning $300 to such association was entitled to three-twenty-seconds of one-half of the receipts from the sale of lots in such cemetery.

APPEAL by the plaintiff, T. Scott Thacher, as executor, etc., of Otis Thacher, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Steuben on the 21st day of February, 1893, upon the report of a referee.

*Wesley Brown,* for the appellant.

*J. H. Stevens,* for the respondent.

HAIGHT, J. :

This action was brought on the 5th day of October, 1883, to recover the sum of $300 and interest thereon from August 1, 1864. The defense is that more than six years had elapsed after the plaintiff's cause of action accrued before this action was commenced, and that the plaintiff's cause of action was, therefore, barred by the Statute of Limitations.

On the 1st day of August, 1864, the trustees of the defendant organized by the election of a president, vice-president, secretary and

treasurer, and then ordered that the sum of $2,500 be borrowed for the purpose of purchasing land for a cemetery and improving the same, and that the president and treasurer be authorized to issue certificates of indebtedness to such individuals by whom the money or any part thereof may be loaned, specifying the amount loaned by such individuals and containing an agreement, on the part of the association, to pay seven per cent interest for the use of such money, and to apply one-half of the receipts from the sale of lots to repay the money. Thereupon, subscriptions for the loan were received and certificates issued therefor to the amount of $2,200. Of that sum the plaintiff's testator loaned $300 and received therefor the following :

" No. 25. We certify that Otis Thacher has this day loaned to Hope Cemetery Association three hundred dollars. It is agreed, upon the part of the said association, that one-half of the receipts from the sale of lots shall be applied exclusively to the payment of the sum of $2,500 loaned to said association by divers persons, of which the said sum of $300 forms a part, and for the payment of the interest thereon, said interest to be paid annually and the receipts to be so applied, shall be distributed on the first day of July, and on the first day of January in each year until said sum shall be fully paid.

"*August* 1, 1864.                    " A. L. SMITH, *President,*
                                      " M. ADSIT, *Treasurer.*

It further appears that the defendant, with the avails of the loan, purchased lands and improved the same, dividing it into lots for the burial of the dead, and that between the time of the issue of said certificates and the 1st day of July, 1877, lots were sold for cash to the amount of $5,479.34, which amount was received by the defendant prior to that date, and that during the same period lots were sold to holders of the certificates of indebtedness, who were permitted to use their certificates in payment therefor as cash ; that the certificates so used in the purchase of lots, and which were surrendered up to the defendant and canceled on and prior to the 1st day of July, 1877, amounted to the sum of $1,575, leaving outstanding and unpaid on that date, including the plaintiff's certificate, $625 in amount only of the original loan of $2,200.

The appellant contends that of the amount of cash so received, he is entitled to but three-twenty-fifths of one-half thereof as shown by the following statement:

| Dates. | Amount money received. | The $\frac{1}{2}$ | $\frac{3}{25}$ |
|---|---|---|---|
| January 1, '65 | $102 00 | $51 00 | $6 12 |
| July 1, '65 | 206 00 | 103 00 | 12 36 |
| January 1, '66 | 86 00 | 43 00 | 5 16 |
| July 1, '66 | 108 00 | 54 00 | 6 48 |
| January 1, '67 | 166 00 | 83 00 | 9 96 |
| July 1, '67 | 235 00 | 117 50 | 14 10 |
| January 1, '68 | 100 00 | 50 00 | 6 00 |
| July 1, '68 | 137 50 | 68 75 | 8 25 |
| January 1, '69 | 88 50 | 44 25 | 5 32 |
| July 1, '69 | 134 00 | 67 00 | 8 04 |
| January 1, '70 | 303 00 | 151 50 | 18 18 |
| July 1, '70 | 203 10 | 101 55 | 12 18 |
| January 1, '71 | 263 50 | 131 75 | 15 81 |
| July 1, '71 | 519 00 | 259 50 | 31 14 |
| January 1, '72 | 168 00 | 84 00 | 10 08 |
| July 1, '72 | 319 00 | 159 50 | 19 14 |
| January 1, '73 | 163 00 | 81 50 | 9 78 |
| July 1, '73 | 200 00 | 100 00 | 12 00 |
| January 1, '74 | 389 70 | 194 85 | 23 38 |
| July 1, '74 | 155 00 | 77 40 | 9 30 |
| January 1, '75 | 217 76 | 108 88 | 13 06 |
| July 1, '75 | 140 50 | 70 25 | 8 43 |
| January 1, '76 | 210 00 | 105 00 | 12 60 |
| July 1, '76 | 200 00 | 100 00 | 12 00 |
| January 1, '77 | 385 00 | 192 50 | 23 10 |
| July 1, '77 | 279 78 | 139 89 | 16 78 |
| | $5,479 34 | $2,739 67 | $328 76 |

Amount applicable to plaintiff's certificate July 1, 1877, $328.76, which, taken from amount of plaintiff's certificate and interest to that date, $571.25, leaves due on plaintiff's certificate at that date $242.49, with interest from that time.

The difficulty, however, with his position is that he takes no

account of the $1,575 in certificates that have been surrendered up and retired from time to time on the purchase of lots, and that at this time there was only outstanding of such certificates $625 in amount. By treating these retired certificates as cash and as reducing the loan in the amount of the certificates so retired, the amount on hand July 1, 1877, available for the payment of the plaintiff's certificate, would be $1,129.25, nearly double the amount required to pay the plaintiff's claim. The referee appears to have so treated these certificates. · His right so to do must be determined from the provisions of the contract: " It is agreed upon the part of the said association that one-half the receipts from the sale of lots shall be applied exclusively to the payment of the sum of $2,500 loaned to said association by divers persons, of which the said sum of $300 forms a part, and for the payment of the interest thereon."

It does not appear to us that the $2,500 mentioned in the certificate affects the question. A loan of $2,500 had been ordered by the association, but it had succeeded in getting only $2,200. The certificates had been prepared under the supposition that the full loan would be obtained, and if it had been, then Thacher, loaning $300 of the $2,500, would have been entitled to three-twenty-fifths of one-half of the receipts of the association from the sale of lots, to apply in the reduction of the amount loaned by him. But only $2,200 was loaned. One-half of the receipts from the sale of lots was required to be set apart exclusively for the payment of the loan. He thus would be entitled to three-twenty-seconds of one-half of the receipts. One-half of the receipts from the sale of lots is to be applied upon the payment of the loan, whatever the amount thereof may be. If the plaintiff's testator had been the only subscriber to the loan, and the amount of such loan was the $300 loaned by him, would it be claimed that, even though lots had been sold amounting to upwards of $5,000, that he could not have recovered the amount of his loan for the reason that it was not yet due ? To so construe the contract would require the interpolation of a provision to the effect that three-twenty-fifths of one-half of the receipts from the sales shall be applied to the payment of the loan, instead of one-half of such receipts. It does not appear to us that such a construction should prevail; that adopted by the referee is more rational and bet-

ter in accord with the views expressed by the court on a former review of this case. (126 N. Y. 507.)

The judgment appealed from should be affirmed, with costs.

DWIGHT, P. J., and LEWIS, J., concurred ; BRADLEY, J., not sitting.

Judgment appealed from affirmed, with costs.