William D. Tyndall, Respondent, *v.* Pinelawn Cemetery, Appellant.

Cemetery associations — certificate of interest in funds thereof derived from sale of burial lots — when action for accounting may be maintained by certificate holder.

A cemetery association, organized under the general statute (L. 1847, ch. 133; L. 1860, ch. 163), issued a certificate for "one hundred shares interest in one-half the sale of the use of lots" in its cemetery. The certificate states that it is a lien on the land purchase fund "composed of one-half the gross proceeds of the sale * * * of burial lands in said cemetery." It further states that said association is not indebted to the holder of the certificate, "but acts merely as the collector and disburser of the land purchase fund herein described * * *, with such liabilities only as attach to the proper discharge of the trust reposed in it by such holder." The statute under which the association is organized requires the trustees, "at least twice in each year, to apply the proceeds of all sales of lots and plots in redemption of such certificates." The certificate holder brings an individual action for an accounting, alleging that nothing had been paid on account of his interest in the proceeds of the sale of lots, although the defendant had continuously sold lots and collected the proceeds during a period of over two years, and that the defendant had refused to pay over any part of such proceeds or render any account or statement of its proceedings in relation thereto, although due demand therefor had been made by plaintiff. *Held*, that an action in equity can be maintained, and that an accounting, under the circumstances, is a proper remedy. (*Thacher* v. *Hope Cemetery Assn.*, 126 N. Y. 507; *American Exch. Nat. Bank* v. *Woodlawn Cemetery*, 194 N. Y. 116, distinguished.)

The subject of the action being "one of a common or general interest of many persons," the better practice would be to bring an action representative in character or in behalf of the plaintiff and all others similarly situated, since the bringing of a separate action for an accounting by every holder of a certificate would cause unnecessary expense and result in serious inconvenience.

*Tyndall* v. *Pinelawn Cemetery*, 134 App. Div. 970, affirmed.

(Argued March 14, 1910; decided April 5, 1910.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 19, 1909, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The nature of the action, the facts, so far as material, and the question certified are stated in the opinion.

*Benjamin N. Cardozo* and *Charles Thaddeus Terry* for appellant. The complaint does not state a cause of action in equity. The plaintiff's right, if any, is in an action at law upon a debt. (*A. E. Nat. Bank* v. *Woodlawn Cemetery*, 194 N. Y. 116; *Thacher* v. *H. C. Assn.*, 126 N. Y. 507; *Ross* v. *Greenwood Cemetery*, 81 App. Div. 357; *Uhlman* v. *N. Y. L. Ins. Co.*, 109 N. Y. 421; *Thomas* v. *N. Y. & G. L. R. R. Co.*, 139 N. Y. 163; *Day* v. *O. & L. C. R. R. Co.*, 107 N. Y. 29.)

*John M. Gardner* for respondent. To support an action for an accounting it must appear that the moneys were received by the defendant under circumstances which gave rise to some fiduciary relation. (*Marvin* v. *Brooks*, 94 N. Y. 71; *Conger* v. *Judson*, 69 App. Div. 121; *N. Y. L. Ins. Co.* v. *Hamilton*, 102 N. Y. Supp. 772; 52 Misc. Rep. 189; *Reading* v. *Haggin*, 12 N. Y. Supp. 368; *Frethey* v. *Durant*, 24 App. Div. 58.) The fiduciary relation of the defendant to the plaintiff is well established. (*Reading* v. *Haggin*, 58 Hun, 450; 60 App. Div. 375.)

*Per Curiam.* The plaintiff, as the owner of a certificate for " one hundred shares interest in one-half the gross proceeds of the sale of the use of lots in Pinelawn Cemetery," a domestic corporation, brought this action to compel an accounting for the moneys received by the defendant for the sale of lots and to recover his share thereof. Other relief of an equitable nature was also demanded. The certificate states that it "is a lien on the land purchase fund of Pinelawn Cemetery, which fund shall be composed of one-half the gross proceeds of the sale in due and natural course of burial lands in said cemetery and the holder thereof is entitled to have paid over to him such proportion of said fund as the number of shares in said cemetery held by him bears to the entire number of such shares appearing in this certificate and

will be so entitled until the last burial lands in said cemetery are sold and their proceeds distributed according to the terms thereof. It is further understood between the holder of this certificate and Pinelawn Cemetery that said cemetery is in no wise indebted to said holder but acts merely as the collector and disburser of the land purchase fund herein described according to the terms hereof, with such liabilities only as attach to the proper discharge of the trust reposed in it by such holder."

The statute under which the defendant was organized requires the trustees " at least twice in each year, to apply the proceeds of all sales of lots and plats, in redemption of such certificates." (L. 1847, ch. 133 ; L. 1860, ch. 163, § 3.)

The whole number of shares, as stated in the certificate in question, is 127,850. From July 24th, 1906, to November 10th, 1908, when the action was commenced, nothing had been paid to the plaintiff on account of his interest in the proceeds of the sale of lots, although the defendant had continuously sold lots and collected the proceeds during that period. In August, October and November, 1907, as well as at other times, the plaintiff made due demand, twice in writing and at other times verbally, that the defendant account and pay over to him his share, but the demand was uniformly refused. The defendant also refused, although duly requested, to allow the plaintiff to examine its books or to render any statement whatever as to its action in the premises. The complaint is very long and contains many allegations in amplification of those stated, but these facts, which were duly set forth, are sufficient to show its general nature.

The defendant demurred on the ground that the complaint " does not state facts sufficient to constitute a cause of action." The demurrer was overruled at Special Term and the interlocutory judgment was affirmed by the Appellate Division, but leave was given to appeal to this court, and the following question certified : " Does the complaint state facts sufficient to constitute a cause of action ? "

We think that an action in equity can be maintained, if for no other reason, because the certificate is a lien on the " land

purchase fund" and whether the defendant is trustee or agent it was handling the money of the plaintiff, and an accounting under the circumstances disclosed is a proper remedy. (*Marvin v. Brooks,* 94 N. Y. 71, 75.) Nothing was decided to the contrary in the cases relied upon by the appellant, where the certificates were not a lien upon the fund and the questions involved were utterly unlike that now before us. (*Thacher v. Hope. Cemetery Assoc.,* 126 N. Y. 507; *American Exchange National Bank v. Woodlawn Cemetery,* 194 N. Y. 116.)

This is an individual action and the facts alleged suggest the question whether it should not have been representative in character or in behalf of the plaintiff and all others similarly situated. The subject of the action "is one of a common or general interest of many persons." (Code Civ. Pro. § 448.) No question as to a defect of parties, however, was raised by the demurrer, which is addressed solely to the sufficiency of the complaint. The Code permits a demurrer for a defect of parties, plaintiff or defendant, and provides that unless such an objection is taken by demurrer or answer, the defendant is deemed to have waived it. (Id. §§ 488, 498, 499.) Where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in, and any person who has an interest in the subject of the action must be made a party upon proper application. (Id. § 452.) If every holder of a certificate should bring a separate action for an accounting it would consume much time, cause unnecessary expense and result in serious inconvenience. While we cannot now pass upon the question, as it is of practical importance to the courts, to the defendant and to all who have an interest in the fund, we think it proper to throw out the suggestion, and that is the object of this memorandum.

The order should be affirmed, with costs, and the question certified answered in the affirmative.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Order affirmed.