In our opinion said parcel has been set apart by respondent for such purposes. In all other respects *682 findings of fact implicit in the decision of Special Term are affirmed. The petition alleges that the parcel has been dedicated to cemetery purposes, that consent has been obtained from share owners to the changes of prices of lots or plots or the use thereof. It also appears from the papers that respondent intends to make an agreement with one Stannard to grant him burial rights in three acres of the parcel described in the petition. The general power to hold and purchase and convey real property for corporate purposes, granted by subdivision 3 of section 14 of the General Corporation Law, is subject to such limitations as may be prescribed by law. By the act under which respondent was organized (L. 1847, ch. 133) and the acts amendatory thereof, respondent’s power to sell property acquired for burial purposes is limited to sales of lots or plots to individuals, except where conveyance is made to a city or village (Membership Corporations Law, § 79-a), or it has no debts or liabilities and there are no burials in the land set apart for burial purposes. (Membership Corporations Law, § 81.) When respondent availed itself of the statutory right to contract with its vendors for the application of the proceeds of the sale of lots, now contained in section 87 of the Membership Corporations Law, it bound itself in perpetuity to sell its cemetery property to lot owners entitled to vote at its meetings (L. 1847, eh. 133, § 5; Membership Corporations Law, § 74; Hughes v. Pinelawn Cemetery, 177 N. Y. S. 175), and subject to the exercise of the right to assess them for funds for maintenance. (Membership Corporations Law, § 90.) The lot owners, as well as the land share owners, have an interest in the application of proceeds in accordance with the statute and the agreements made by respondent. (American Exch. Nat. Bank v. Woodlawn Cemetery, 194 N. Y. 116.) There is no statutory provision permitting the parties or the Supreme Court to modify agreements authorized by section 87 of the Membership Corporations Law, which section deals with the application of the proceeds of sales to lot owners, not to a corporate body, which cannot be a member of respondent and which would not be subject to assessment if necessity arose to assess. The consent required by section 87 of the Membership Corporations Law is to change in price of lots. No provision is made for change in the source of the moneys which furnish the means to carry out the twofold legislative intent to benefit the lot owners and at the same time insure payment to the land share owners. (American Exch. Nat. Bank v. Woodlawn Cemetery, supra.) Therefore, even had the petition and the order appealed from stated that the price for the sale was to be applied as the respondent’s brief asserts the court was orally advised, respondent is not entitled to make such intended application. (Thacher v. Hope Cemetery Assn., 126 N. Y. 507, 513.) Moreover, had the application been legally possible, the court was without information as to what number of land shares had an interest in the parcel described in the contract submitted for approval. The respondent acquired its cemetery property at different periods. The petition does not reveal how many of the 30,000 land shares arose out of the purchase of the property of which the parcel sought to be sold was a part, or that the certificates issued provide for payment to land share owners of proceeds of sales of lots in all the property of petitioner, whether acquired before or after the issuance of the land shares. Johnston, Acting P. J., Adel, Wenzel and MacCrate, JJ., concur; Sneed, J., concurs for reversal of the order but dissents as to dismissal of the petition and votes to remit the matter to Special Term, with the following memorandum: I am not in agreement with the determination that respondent may not sell and convey any of its lands not used for burial purposes. I find no basis within the provisions, intent or purpose of article IX of the Membership Corporations *683 Law for prohibiting the sale of land owned by a cemetery corporation, in which no burials have been made, which is not used or required by it for burial purposes, and which no person other than the corporation is entitled to use for burial purposes, when the Supreme Court, after hearing, shall determine that the interests of the corporation will be promoted by its sale. Here no land purchase certificate holder nor any holder of a certificate of indebtedness objects to the sale nor to the proposed disposition of the proceeds of the sale. Although appellant appeared upon the hearing before the court and apparently acquiesced in its informality, I favor remitting the matter to Special Term for a more formal hearing before the court or a referee with stenographic record of the material facts now disputed or questioned. [193 Misc. 479.]