OPINION OF THE COURT
Thomas A. Standee, J.
The plaintiff, Genesee Hospital (Genesee), submits a motion seeking an order determining that the above-entitled action may be maintained as a limited fund class action, describing the class as the defendants, individually and on behalf of all other persons and entities similarly situated who are holders of unsecured claims against the hospital (creditors), and affirming specifically that the members of such class may not opt out, upon the ground that the prerequisites of CPLR 901 have been satisfied.
In addition, the plaintiff requests that the court grant a preliminary injunction enjoining all creditors who receive notice of this order from commencing or continuing any judicial, administrative, or other action or proceeding to recover on or otherwise enforce such claims, including, without limitation, the enforcement of a judgment obtained on account of any such claim, the creation, perfection, or enforcement of any lien on account of any such claim; the filing, service or enforcement of any restraining notice or information subpoena on account of any such claim; any act to obtain possession of property on account of any such claim; or any act to set off any debt of a creditor against any claim against the hospital.
There is a motion by Manufacturers and Traders Trust Company, as trustee acting for bondholders who purchased bonds pursuant to a bond transaction through the County of Monroe Industrial Development Agency for financing certain improvements to the campus of the Genesee Hospital, to be allowed to intervene as a defendant in this action to the extent that the class is certified.
The motion by the Genesee Hospital for an order determining that the above-entitled action may be maintained as a limited fund class action and certifying the class as requested in the complaint is denied. The motion by plaintiff for a prelim *227 inary injunction in the class action is denied. The temporary restraining order contained in the order to show cause, dated November 1, 2001, is vacated. The motion by Manufacturers and Traders Trust Company, as trustee, to intervene is moot.
Facts
The Genesee Hospital is a private, not-for-profit corporation, that has provided health care services for many years to the Rochester community. Located within the City of Rochester it furnished a broad array of medical care to people of all walks of life. Suddenly on March 28, 2001 with no warning to the community who relied upon its services, and the creditors who provided goods and services to the hospital, Genesee commenced the discontinuation of its patient care activities, the wind down of its operations, and the preservation of its remaining assets for the benefit of creditors.
This action was commenced on October 31, 2001 by Genesee seeking the certification of a mandatory class as the defendants, consisting of all holders of unsecured claims against Genesee. Genesee requests certification of this limited fund class action allegedly to effect an equitable distribution to such unsecured creditors of the net proceeds that will be realized from the hospital’s liquidation of its remaining unencumbered assets. The complaint requests that the court declare the rights and responsibilities of the parties; direct the method and terms of payment to the creditors pursuant to the terms of a liquidation plan to be proposed by Genesee hereafter and approved by the court; and grant a permanent injunction enjoining all creditors from commencing or continuing any action to recover on or otherwise enforce claims. Defendants served answers on October 31, 2001.
The motion of Genesee to determine whether this action may be maintained as a limited fund class action was argued on November 30, 2001. In addition, the motion by plaintiff for a preliminary injunction against all creditors was also heard. The court received objections to class certification from the following unsecured creditors: McKesson General Medical Corp., Abbott Laboratories, Inc., Medtronic USA, Inc., Johnson & Johnson, C.R. Bard, Inc., Gambro, Inc., Manufacturers and Traders Trust Company, Calkins Corporate Park, LLC, and LeChase Construction Services, LLC.
The court received requests for conditions to be imposed on any certification of the class from the following unsecured creditors: Biomet Orthopedics, Inc. and Sibley Nursing Personnel Services, Inc.
*228 The court allowed all parties and appearing unsecured creditors an opportunity to be heard at oral argument and to submit additional papers on the issues presented to the court.
I. Justiciable Controversy
The complaint of Genesee seeks a declaratory judgment establishing the rights and responsibilities of the parties and the class members, and requests the court to direct the method and terms of payment to the creditors pursuant to an approved liquidation plan proposed by Genesee. This “reverse limited fund class action” commenced by Genesee brings before this court a legal theory seldom used in New York State.
Creditors assert that the reverse limited fund class action complaint of Genesee fails to set forth any justiciable controversy for the court to resolve.
A. Declaratory Judgment
This court only has the authority to “render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy * * * .” (CPLR 3001 [emphasis added].) A showing of a justiciable controversy “requires that the controversy be ‘definite and concrete’, ‘real and substantial’ or admits ‘of specific relief through a decree of a conclusive character’ (Aetna Life Ins. Co. v Haworth, 300 U. S. 227, 240-241).” (New York State Assn. of Ins. Agents v Schenck, 44 AD2d 757, 758 [4th Dept 1974].) “[A] court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief.” (In re Joint E. & S. Dist. Asbestos Litig., 14 F3d 726, 731 [2d Cir 1993].)
The limited fund class action commenced by Genesee does not set forth a definite, real, or substantial controversy. The alleged controversy is that there are inadequate funds available to pay all the unsecured creditors and the asserted declaratory judgment action will allow an equitable pro rata distribution of the unencumbered liquidated assets of Genesee. Genesee does not refute that it owes money to the defendants and the putative class members of unsecured creditors. On this point, there is no controversy. It is the defendants, as creditors, who are the only parties with definite, real and concrete claims against Genesee.
Further, the relief requested by Genesee is to create a mandatory class of defendants for the basic purpose of entering into a settlement. This does not admit of specific relief through a decree of a conclusive character because this court *229 has no authority to make the defendants, as unsecured creditors, reach a settlement with Genesee. If this action were to proceed, but the parties were unable to reach a negotiated settlement, the court could not issue any decree which would conclude the matter between the parties. “Courts do not have authority to compel parties to settle their cases * * * .” (In re Keene, 14 F3d at 731.) Without a showing of a justiciable controversy, this court has no authority to render a declaratory judgment having the effect of a final judgment as to the rights and relations of the parties.
Genesee, however, argues further that by definition, the existence of only a “limited fund” against which multiple claims exist in excess of the amount of the fund, gives rise both to the justiciable controversy and to the exercise of the court’s power over it.
B. Limited Fund Class Action
Genesee contends that this action presents a “classic” limited fund class action[1] and that such action, in and of itself, should be recognized as a justiciable controversy that allows jurisdiction and requires the exercise of the court’s equitable powers. This limited fund class action presents a controversy, according to Genesee, by the existence of a large class of claimants who seek to recover against a limited fund, when such limited fund will be insufficient to pay all legitimate claims in full.[2]
New York common law recognizes the right to commence a class action based on the existence of a “limited fund out of which the aggregate recoveries must be sought.”[3] (See Guffanti v National Sur. Co., 196 NY 452, 458 [1909]; City of Rochester *230 v Chiarella, 86 AD2d 110, 115 [4th Dept 1982], affd 58 NY2d 316 [1983]; Tyndall v Pinelawn Cemetery, 198 NY 217 [1910].) In defining when a limited fund class action is appropriate, the Court of Appeals, citing Guffanti and Tyndall, stated that “there was no difficulty in finding a sufficient and pragmatic tie of common interest where all members of the purported class were potential claimants to a limited fund for recovery of their several claims.” (Ray v Marine Midland Grace Trust Co., 35 NY2d 147, 152 [1974].)[4] Nevertheless, a limited fund theory does not extinguish the need in a class action for the plaintiff to demonstrate the threshold issue that a controversy exists for the court to adjudicate. (See CPLR 3001, 901 [a] [5] [class action must be the superior method for the fair and efficient adjudication of the controversy].) Predominantly, the limited fund class actions maintained by the New York courts have allowed plaintiffs to establish a class against a defendant, who has only a limited fund for payment of the plaintiff class members’ claims. (See Ray, 35 NY2d at 147; Guffanti, 196 NY at 459; Tyndall, 198 NY at 220.) In these cited limited fund class actions there was no issue as to whether a justiciable controversy was presented by the plaintiffs’ complaints because the plaintiffs were the claimants with legal rights to the funds of the defendants. The plaintiffs set forth in their complaints definite, real, concrete claims. The courts did not address, nor was there any reason to review, whether a justiciable controversy was presented.
The justiciable controversy issue is relevant and material in this case because the plaintiff, Genesee, has not asserted any claims, nor shown any basis to pursue a claim, against the defendants and putative class members. Genesee asserts in its memorandum that the courts have “utilized a reverse limited fund class action, identical in all legal respects to the case at bar, to further refine and extend * * * the powers of New York’s courts in asserting jurisdiction and control over [limited fund] class actions.” The plaintiff relies heavily, if not exclusively, upon City of Rochester v Chiarella (86 AD2d 110 [4th Dept 1982], affd 58 NY2d 316 [1983]).
*231 In City of Rochester the Appellate Division, Fourth Department, reviewed a case where Supreme Court had certified the action as a defendant limited fund class action.[5] The Court specifically states: “None of the parties question the propriety of maintaining this action as a class action.” (Id. at 115.) In this sole New York “reverse limited fund class action” the appellate courts of this state did not endorse, agree, disagree, or consider whether the scope of limited fund class actions was broadened to the extent of allowing reverse limited fund class actions even when no justiciable controversy is presented in the complaint of the plaintiff. Although the Fourth Department of the Appellate Division assessed the issues appealed in the reverse limited fund action, the Court prudently set forth that it was not considering the propriety of maintaining this type of action. The issue of whether a justiciable controversy was presented by the complaint was not reviewed or determined by the Appellate Division or the Court of Appeals. (Id.) However, the federal courts have addressed whether a reverse limited fund class action presents a controversy suitable for adjudication.
In the case of Asbestos Litig. (14 F3d 726 [2d Cir 1993]) the court analyzed whether under federal law a reverse limited fund class action sufficiently sets forth a “case” or “controversy.”[6] Keene Corporation commenced its action based on papers entitled “Verified Class Action Complaint in Connection with Settlement” and requested certification of a mandatory limited fund class action, with the defendant class consisting of all persons with present or future asbestos claims against Keene Corporation. After thoroughly reviewing the claims of the plaintiff and assessing the position of the defendants in the mandatory class, the court determined the following: “Where, as here, the complaint fairly read fails to make any claim for a judgment against another party but merely seeks to certify a *232 class to enter into settlement negotiations, the matter is properly dismissed for lack of subject matter jurisdiction.” (Id. at 733.) Regardless of whether the mandatory limited fund class meets the requirements for class certification,[7] the claims set forth by the plaintiff must first meet the threshold prerequisite of stating a “controversy.”
Under the cited New York and federal law, a class action may be maintained under the limited fund theory only where a justiciable controversy is presented in the plaintiff’s complaint. The fact that a reverse limited fund class action was also maintained, where the parties did not contest the issue of whether a justiciable controversy was presented, is not persuasive. (See City of Rochester, 86 AD2d at 115.) In the only other reverse limited fund class action suit cited by the parties, when the defendant class members contested the proceeding based upon the lack of a justiciable controversy, the court decisively dismissed the matter. (See Asbestos Litig., 14 F3d at 733.) The Federal Court of Appeals states that where the complaint fails to make a claim against the defendants, “but merely seeks to certify a class to enter into settlement negotiations,” there is no case or controversy presented. (Id.)
Here, there is no claim asserted by Genesee against the unsecured creditors of the putative class and Genesee does not submit any defenses to the claims of the unsecured creditors against Genesee. The only purpose of the class certification is to provide a mechanism for Genesee to fairly and proportionately distribute the net liquidation proceeds to the unsecured creditors. This declaratory relief that Genesee is seeking would require the court to compel all unsecured creditors to settle any claims against Genesee within the framework of whatever procedures and settlement is crafted by Genesee within this proceeding. Many of the proposed defendant class members, and all of the large creditors, have strenuously and vehemently contested the propriety of maintaining this action as a limited fund class action.
Based on the relevant New York and federal law, together with the very precise disclaimer in the City of Rochester proceeding, this court is confident that the breadth of limited fund class actions has not been broadened to bypass the need for a justiciable controversy. The plaintiff, Genesee, has failed to meet the threshold requirement that a justiciable controversy be presented for this declaratory action to proceed.
*233 C. Conclusion
The papers submitted on this application focus a great deal of attention on the equitable considerations involved in this particular case. This court understands and recognizes the serious implications and potential impact surrounding the demise of the Genesee Hospital on the public interest, the local community, the availability of medical services, and the interests of all the creditors of Genesee.
There are also indications that the outcome of this declaratory judgment action may have severe negative ramifications on a proposed settlement negotiated with a secured creditor and others. The court realizes that the attempt by Genesee to secure a mediated settlement with a secured creditor and other unsecured creditors in order to allow more assets to be available to the other unsecured creditors is in response to an express fiduciary duty.
The Court of Appeals has expressed in an eloquent manner the Court’s sentiments regarding the challenging concerns addressed in this proceeding that impact the parties, the unsecured creditors, the community, and others directly affected by the closing of the Genesee Hospital. “This Court may sense a sympathetic impulse to balance what it may view as the equities of a situation such as this. The hard judicial obligation, however, is to be intellectually disciplined against that tug.” (Northeast Gen. Corp. v Wellington Adv., 82 NY2d 158, 164 [1993].) After an extensive review of all the papers submitted and all the law relied upon by the parties, it is the duty of this court to determine the issues presented.
The initial legal question is whether the plaintiffs’ complaint and moving papers meet the justiciability test. In the complaint and papers of the plaintiff there is no justiciable controversy presented which can be the subject of a declaratory judgment action. The plaintiff’s motion for an order determining that this action may be maintained as a limited fund class action is denied.
II. Prerequisites To a Class Action
If this court were required to accept the argument of the plaintiff that a justiciable controversy is presented in its complaint, then plaintiff has the burden of showing that the prerequisites for an action to be maintained as a class action have been met. (CPLR 901.) There are five criteria that must exist for a class action to be allowed. (CPLR 901 [a] [l]-[5].)
*234 A. CPLR 901 (a) (1) — Numerosity
The first requirement is that the number of unsecured creditors of the hospital be so numerous that joinder of all members of the proposed class is impracticable. (See CPLR 901 [a] [1].) The plaintiff asserts that the number of unsecured creditors exceeds 1,500. If this matter were to continue, this court would hold a hearing to determine the actual number of creditors of Genesee. However, for purposes of this decision we accept Genesee’s numbers and position that joinder would be impracticable.
B. CPLR 901 (a) (2) — Common Questions
The second condition is that there must be questions of law and fact common to the unsecured creditors of the hospital which predominate over any questions affecting only individual members. (See CPLR 901 [a] [2].) While it is true that there are common questions, as to which unsecured creditors are entitled to a distribution from the liquidation proceeds and in what amount, there are also numerous questions affecting only individual members. The purported members of the class have differing theories of recovery, with money due from potentially varying funds, i.e., a trust fund established under the Lien Law for a contractor.
Further, this is a request for a mandatory, nonopting out, limited fund class of all unsecured creditors. The claimants in the class, who are identified by a common theory of recovery, must be treated equitably among themselves. (Ortiz, 527 US at 839.) The class of putative unsecured creditors, who are to be bound by the outcome of this action, does not include all the unsecured creditors. At least two creditors who hold unsecured claims against Genesee have reached a settlement with Genesee that treats them in a different, distinct manner from the putative class of unsecured creditors in this action.
Genesee contends that it will not be making any payments to these unsecured creditors. Still, Genesee is involved in some type of a settlement or an accommodation with these unsecured creditors who are not proposed members of the class. (Affidavit of Hugh R. Thomas, Dec. 4, 2001, 8.) Thus, these unsecured creditors involved in the settlement would not be subject to the pro rata distribution of the limited fund under this proposed mandatory, nonopting out, class action. The individual issues with these settling unsecured creditors predominate over questions common to the proposed class.
Genesee has failed to demonstrate that the questions of law or fact common to the class predominate over questions affecting only individual members, or affecting creditors that should be class members.
*235 C. CPLR 901 (a) (3) — Typicality
The third showing is that the claims of the named defendants in this action are typical of the claims of the members of the proposed class. (See CPLR 901 [a] [3].) The named defendants’ claims are for ordinary unsecured claims against the hospital. However, there are unsecured creditors who have other claims, such as a claim to trust fund proceeds required to be maintained under the Lien Law or secured creditors claims which may become unsecured claims.
D. CPLR 901 (a) (4) — Representation
The fourth prerequisite is that the named defendants will fairly and adequately represent and protect the interests of all unsecured creditors. (See CPLR 901 [a] [4].) The defendants and their representatives may be able to fairly and adequately represent and protect some of the class members’ interests. However, based upon the papers in opposition to the plaintiffs motion, wherein a number of unsecured creditors have vehemently opposed this motion, it appears that several defendant subclasses with other representatives might need to be named. With the appointment of several defined subclasses, with separate representatives, this prerequisite could likely be satisfied.
E. CPLR 901 (a) (5) — Superiority
This final requirement is that the limited fund class action is superior to other available methods for the fair and efficient adjudication of the controversy. (See CPLR 901 [a] [5].) If none of the other prerequisites are fatal to the class action, this requirement is the obstacle which plaintiff cannot overcome. Genesee has failed to present evidence showing that this reverse limited fund class action is superior to other available methods for resolving the claims by the unsecured creditors.[8]
As Genesee has demonstrated by settling with other unsecured creditors, reaching a settlement with the unsecured creditors is one alternative for the adjudication of the plaintiffs action. Another available method to adjudicate the issues between the parties is bankruptcy. Although Genesee cannot be forced into bankruptcy because it is a nonprofit organization, it still has the ability and option to file voluntary bankruptcy for the distribution of the liquidation proceeds from all unencumbered assets. (Bankruptcy Code [11 USC] § 303 [a].)
Bankruptcy Court offers well established, efficient procedures, principles and protections to both Genesee, as the *236 debtor, and all the creditors. Under a bankruptcy petition, Genesee would automatically obtain an injunction against creditors pursuing claims. All creditors have specific rights to participate in the bankruptcy proceeding. The entire purpose of a bankruptcy filing is to develop a plan for payment of creditors where there are insufficient assets of the debtor to satisfy all the outstanding obligations. The request by Genesee in this limited fund class action to liquidate its remaining unencumbered assets and to develop a plan for the equitable distribution on a pro rata basis of assets to its creditors, seeks the same relief afforded by a bankruptcy filing.
Another alternative and superior method that would allow for the fair and efficient adjudication of the controversy is a general assignment for the benefit of creditors under the New York Debtor and Creditor Law §§ 2 through 24. This, statute provides the unsecured creditors with various procedural safeguards that do not exist in a general class action, or even a limited fund class action. The liquidation plan, procedures, and rules that Genesee admits will need to be established and agreed upon by the parties in the hoped for reverse limited fund class action already exist under the Debtor and Creditor Law.
Genesee may also avail itself of the remedies available in article 12 of the Not-For-Profit Corporation Law that allows for dissolution and the appointment of a receiver. This type of dissolution and receivership has statutory provisions for the receiver to protect property for the benefit of all the creditors, and to apply for a final statement of account and distribution. Again, there are protections and procedures already set forth for the liquidation of assets and distribution to the creditors.
As admitted by Genesee at oral argument, in order for this action to proceed, the court and the parties will need to craft a plan and procedures. There are, however, already alternative, superior remedies that exist to accomplish the requested relief of Genesee. The plaintiff has failed to show that the reverse limited fund class action is superior to other available methods for the fair and efficient adjudication of the controversy, i.e., the distribution of Genesee’s liquidated assets to its unsecured creditors.
F. Conclusion
The Genesee Hospital has failed to satisfy the necessary prerequisites for this proposed reverse limited class action to be maintained as a class action. The plaintiffs motion for an order determining that this action may be maintained as a *237 mandatory reverse limited fund class action, upon the ground that the prerequisites of CPLR 901 have been satisfied, is denied.
Based upon all the papers submitted in support and in opposition to these motions, upon the above decision, and after due deliberation, it is hereby ordered that the motion of the plaintiff, Genesee Hospital, seeking an order determining that this action may be maintained as a limited fund class action, describing the class as the defendants, individually and on behalf of all other persons and entities similarly situated who are holders of unsecured claims against the hospital and affirming specifically that the members of such class may not opt out, upon the ground that the prerequisites of CPLR 901 have been satisfied, is denied in its entirety; it is further ordered that the motion of the plaintiff, Genesee Hospital, for a preliminary injunction is denied; it is further ordered that the temporary restraining order contained in the order to show cause of November 1, 2001 is vacated; and it is further ordered that the motion of Manufacturers and Traders Trust Company, as trustee, to intervene in this action if the court finds that this action was maintainable as a class action is moot.

. The “classic” limited fund class action theory has been stated by the United States Supreme Court: “Mandatory class treatment through representative actions on a limited fund theory was justified with reference to a ‘fund’ with a definitely ascertained limit, all of which would be distributed to satisfy all those with liquidated claims based on a common theory of liability, by an equitable, pro rata distribution.” (Ortiz v Fibreboard Corp., 527 US 815, 841 [1998].)

. For purposes of this decision, this court will assume that a limited fund exists. Whether there is a limited fund would need to be determined after a hearing on that particular issue.

. In Guffanti v National Sur. Co. (196 NY 452 [1909]) the New York Court of Appeals held that a class action suit commenced by a creditor, suing on behalf of himself and other creditors, against a bonding company to prove their rights to distribution of the proceeds of the bond was proper. The action sought to have the defendant bonding company pay out of the proceeds of the bond a pro rata amount to the class members on their proven claims. (Id.) The Court held that “[w]e have in the case under consideration not only a multiplicity of suits which may be brought against the same defendant, but *230 they all grow out of the same contract, and there is a limited fund out of which the aggregate recoveries must be sought.” (Id. at 458.) The Court found that only the amount due each class member was separate and independent. (Id.)

. The Court authorized a class action where the plaintiff brings the action on behalf of all debenture holders against the indenture trustee, because this class of plaintiffs has claims against the trustee. This statement by the Court is dicta and is limited by the facts of the two cases cited which have very specific and narrow class members.

. The defendant class consisted of all payers of real property taxes to the City of Rochester for specified fiscal years, who paid taxes under protest. This defendant limited fund class is very narrowly defined and all members have the exact same claims for repayment of improperly paid taxes, with the only difference being the amounts due each person.

. Article III of the United States Constitution limits the judicial authority of the United States to the resolution of “cases” and “controversies.” (US Const, art III, § 2 [1].) The Federal Rules of Civil Procedure authorize a limited fund class action. (See Fed Rules Civ Pro rule 23 [b] [1] [B].)
Similar to the statutory provisions of New York law, the federal remedy of a declaratory judgment explicitly incorporates the necessity of a “case” or “controversy.” (See 28 USC § 2201 [1988].)

. See Fed Rules Civ Pro rule 23 (b) (1) (B); see also Ortiz, 527 US 815, 841.

. Assuming that the alleged “controversy” is the need to establish a plan for the equitable distribution of the liquidation proceeds.